IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RODRIGO LOPEZ, individually, and as Administrator of the Estate of Eduard Lopez,<br><br>Plaintiff,<br><br>v.<br><br>SAM PYNENBERG, FOX VALLEY METRO POLICE DEPARTMENT, THE VILLAGE OF LITTLE CHUTE, and THE VILLAGE OF KIMBERLY.<br><br>Defendants. | Law No. 1:21-cv-01028<br><br><br><br>COMPLAINT AND JURY DEMAND |

COMES NOW, the Plaintiff Rodrigo Lopez, individually and as Administrator of the Estate of Eduard Lopez, and in support of his Complaint and Jury Demand, respectfully states to the Court as follows:

## INTRODUCTION

1. This is an action for damages arising out of the excessive force and the deprivation of the Plaintiff's liberty interests without due process, brought to redress the deprivation – under color of policy, regulation, official decision, custom, or usage – of rights secured to Plaintiff by 42 U.S.C. § 1983 arising under the Fourth and

1

Fourteenth Amendments; and includes Wisconsin common law negligence and loss of consortium claims.

## JURISDICTION

2. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. §§ 1343 and 1331. The supplemental jurisdiction of the Court to hear and decide the pendent claims arising out of state law is invoked pursuant to 28 U.S.C. § 1391(b).

3. All the unlawful acts alleged herein occurred in Outagamie County, Wisconsin, on or about September 3, 2019.

## PARTIES

4. At all times material hereto, Eduard Lopez was a resident of Wisconsin.

5. Defendant Sam Pynenberg is believed to be a citizen and resident of the State of Wisconsin. At all times material hereto, he was employed as a police officer of the Fox Valley Metro Police Department, and violated Eduard Lopez's constitutional rights and ultimately caused the wrongful death of Eduard Lopez using excessive force.

6. The Defendant Fox Valley Metro Police Department is a police department formed by and serving the Defendant Village of Little Chute and Defendant Village of Kimberly, Wisconsin which employs Defendant Sam Pynenberg, whom they

failed to properly train, or monitor, and to compensate for the lack of expertise, training and oversight.

7. Rodrigo Lopez is the natural father of Eduardo Lopez and the administrator of the Estate of Eduardo Lopez. At all times material hereto he was a resident of the State of Florida.

## **FACTUAL ALLEGATIONS**

8. Eduard Lopez was born on 9/12/1983 and was 35 years old at the time he was killed by Defendant Pynenberg on or about September 3, 2019.

9. On September 3, 2019, Eduard Lopez was driving his pickup truck in the early morning hours in Appleton, Wisconsin.

10. An officer from the Appleton Police Department attempted to stop Eduard Lopez for traffic-related offenses.

11. Eduard Lopez did not immediately stop.

12. A Wisconsin State Patrol Trooper also attempted a traffic stop.

13. Minutes later, Defendant Pynenberg spotted Eduard Lopez and joined the effort to force Eduard Lopez to stop.

14. Eduard Lopez proceeded through a roundabout at the intersection of County Highway OO and State Highway 55 in the city of Kaukauna, Wisconsin.

15. While Eduard Lopez was in the roundabout, his truck spun its tires around.

3

16. After the truck spun its tires, Eduard Lopez immediately proceeded to exit the roundabout.

17. Eduard Lopez's truck did not come to a stop in the roundabout.

18. Defendant Pynenberg's vehicle was in the roundabout.

19. Defendant Pynenberg claims he fired at Lopez while Lopez was in the roundabout.

20. Eduard Lopez stopped shortly thereafter at a nearby parking lot belonging to Bassett Mechanical, a local business.

21. Eduard Lopez exited his truck.

22. Eduard Lopez raised his hands in the air and walked toward officers.

23. Eduard Lopez was not armed.

24. Eduard Lopez was between twenty and forty feet from officers.

25. Officers, including Defendant Pynenberg, pointed their guns at Eduard Lopez.

26. Eduard Lopez continued to advance toward officers with his hands in the air.

27. Officer Pynenberg shot Eduard Lopez.

28. Officer Pynenberg killed Eduard Lopez.

29. Defendant Pynenberg followed, stopped, chased, shot at and ultimately killed Eduard Lopez.

30. At the time Defendant Pynenberg shot and killed Eduard Lopez, Defendant Pynenberg had no legitimate reason to believe Eduard Lopez had committed any

4

crime other than alleged intoxicated driving and traffic violations.

31. At the time Defendant Pynenberg shot and killed Eduard Lopez, Officer Pynenberg had no legitimate reason to believe Eduard Lopez used or threatened to use deadly force.

32. At the time Defendant Officer Pynenberg shot and killed Eduard Lopez, Officer Pynenberg had no legitimate reason to believe Eduard Lopez was a threat to inflict bodily harm on himself or any other person.

33. At the time Defendant Officer Pynenberg shot and killed Eduard Lopez, Officer Pynenberg had no legitimate reason to believe Eduard Lopez would use deadly force against any person.

34. At the time Defendant Officer Pynenberg shot and killed Eduard Lopez, Officer Pynenberg used more force than a reasonable officer would use in like circumstances, including other law enforcement officers present, who never fired their service weapons at Eduard Lopez.

35. At the time Defendant Officer Pynenberg shot and killed Eduard Lopez, Officer Pynenberg had no legitimate reason to believe that such force was necessary to avoid injury or risk to one's safety or the life or safety of another, or that such force was necessary in order to resist a like force or threat.

36. At the time Defendant Officer Pynenberg shot and killed Eduard Lopez, Officer Pynenberg had no legitimate reason to defend himself or another from any actual

or imminent use of unlawful force by Eduard Lopez.

37. At the time Officer Pynenberg shot and killed Eduard Lopez, Officer Pynenberg had no legitimate reason to believe Eduard Lopez posed a threat or menace of serious injury to himself or another that could only be averted by shooting and killing Eduard Lopez.

38. Eduard Lopez took no action that created a reasonable expectation that he may use deadly force.

39. Defendant Officer Pynenberg had other available means to capture Eduard Lopez without using deadly force.

40. At the time Defendant Officer Pynenberg shot and killed Eduard Lopez, no reasonable officer with knowledge of the facts Officer Pynenberg knew, or should have known at the time, would have concluded Eduard Lopez posed a threat to human life.

41. At the time Defendant Officer Pynenberg shot and killed Eduard Lopez, no reasonable officer with knowledge of the facts Officer Pynenberg knew, or should have known at the time, would have concluded Eduard Lopez posed a threat of immediate danger of serious physical injury to another.

42. Defendant Pynenberg did not act as an objectively reasonable officer would have acted under the circumstances given that he used deadly force when not faced with an imminent threat of significant injury or death.

43. Defendant Pynenberg seized Eduard Lopez by stopping the vehicle Eduard Lopez was driving, chasing Eduard Lopez, pointing a gun at Eduard Lopez, firing a service weapon at Eduard Lopez, and killing Eduard Lopez.

44. All the alleged actions of all of the Defendants were conducted under color of state law.

## COUNT I
VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENT TO THE
UNITED STATES CONSTITUTION PURSUANT TO 42 U.S.C. § 1983
<u>Right to Be Free From Excessive Force</u>
(Against All Defendants)

45. Plaintiff repleads paragraphs 1 through 45 as if fully set forth herein.

46. At all times material hereto, Defendants were acting under color of State law.

47. The Fourth Amendment and Fourteenth Amendment guarantee Eduard Lopez's right to bodily integrity and to be secure in his person and free from excessive force.

48. Defendant Pynenberg proximately caused damages including emotional pain and trauma, past and future to Plaintiffs by the use of excessive force in effectuating the wrongful death of Eduard Lopez in violation of rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

49. The excessive force inflicted upon Eduard Lopez was conducted within the scope of the Defendants' official duties or employment.

50. The Defendants' actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Eduard Lopez's federally protected rights.

51. The force used by these Defendants shocks the conscience and violated the Fourth and Fourteenth Amendment rights of Plaintiff.

52. The Defendants used such force as was objectively unreasonable, excessive and conscious shocking physical force.

53. None of the Defendants took reasonable steps to protect Eduard Lopez from the objectively unreasonable and conscience shocking excessive force of other Defendant Pynenberg despite being in a position to do so.

54. These individual Defendants acted in concert and joint action with each other.

55. The aforementioned acts of Defendants were perpetrated against Eduard Lopez without justification. The acts were excessive, done with actual malice towards Eduard Lopez, and with willful and wanton indifference to, and deliberate disregard for human life and the constitutional rights of Eduard Lopez, justifying an award of exemplary damages.

WHEREFORE, the Plaintiff prays for judgment against the Defendants, in a fair and reasonable monetary amount to be determined by the trier of fact, for punitive damages against the individual Defendants in an amount sufficient to punish them and

deter them and others from the same or similar wrongful conduct, along with interest, costs of this action, and attorney fees as provided by law, as well as such other relief as may be deemed just and equitable in the premises.

## **COUNT II**
VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES
CONSTITUTION PURSUANT TO 42 U.S.C. § 1983
<u>Right to Due Process of Law, Substantive and Procedural</u>
(Against All Defendants)

56. Plaintiff repleads paragraphs 1 through 55 as if fully set forth herein.

57. At all times material hereto, Defendants were acting under color of State law.

58. The Fourteenth Amendment guarantees that no person shall be deprived of life, liberty, or property, without due process of law.

59. Defendant Pynenberg fired his service weapon at Eduard Lopez in an unreasonable, unnecessary and/or reckless manner, resulting in Eduard Lopez's death.

60. At the time Defendant Pynenberg fired his service weapon he knew Eduard Lopez was not a threat.

61. Defendant Pynenberg made the decision to discharge his firearm at Eduard Lopez.

62. Defendant Pynenberg made the decision to shoot and kill Eduard Lopez at a time when waiting or even retreating were clear and viable options.

63. Defendant Pynenberg's actions in firing his weapon at Eduard Lopez, was so egregious and outrageous as to shock the conscience.

64. In firing his weapon at Eduard Lopez, Defendant Pynenberg acted with deliberate indifference to a significant risk of harm to Eduard Lopez.

65. In firing his weapon at Eduard Lopez, Defendant Pynenberg acted with the specific intent to cause harm.

66. Defendant Pynenberg acted under the color of state law, violated the right of Eduard Lopez to substantive due process as guaranteed by the Fourteenth Amendment to the United States Constitution.

67. Plaintiffs have been damaged as a direct and proximate result of Defendant's acts and omissions, as set out in this Complaint.

WHEREFORE, the Plaintiff, Eduard Lopez, prays for judgment against the Defendants, in a fair and reasonable monetary amount to be determined by the trier of fact, for punitive damages against the individual Defendants in an amount sufficient to punish them and deter them and others from the same or similar wrongful conduct, along with interest, costs of this action, and attorney fees as provided by law, as well as such other relief as may be deemed just and equitable in the premises.

## COUNT III
VIOLATION OF THE SIXTH AND EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION PURSUANT TO 42 U.S.C. § 1983
Right to Be Free From Punishment without benefit of Jury Trial
(Against All Defendants)

68. Plaintiff repleads paragraphs 1 through 67 as if fully set forth herein.

69. At all times material hereto, Defendants were acting under color of State law.

70. The Sixth and Eighth Amendments guarantee Eduard Lopez's right to be free from punishment without benefit of Jury Trial.

71. Defendant Pynenberg proximately caused damages including emotional pain and trauma, past and future to Plaintiffs by punishing Eduard Lopez by effectuating the wrongful death of Eduard Lopez in violation of rights guaranteed by the Sixth and Eighth Amendments to the United States Constitution.

72. The excessive force inflicted upon Eduard Lopez was conducted within the scope of the Defendants' official duties or employment.

73. The Defendants' actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Eduard Lopez's federally protected rights.

74. The punishment used by these Defendants shocks the conscience and violated the Sixth and Eighth Amendment rights of Plaintiff.

75. The Defendants punished Eduard Lopez in an objectively unreasonable, excessive and conscious shocking manner.

76. None of the Defendants took reasonable steps to protect Eduard Lopez from the objectively unreasonable and conscience shocking punishment of other Defendant Pynenberg despite being in a position to do so.

77. These individual Defendants acted in concert and joint action with each other.

78. The aforementioned acts of Defendants were perpetrated against Eduard Lopez without justification. The acts were excessive, done with actual malice towards Eduard Lopez, and with willful and wanton indifference to, and deliberate disregard for human life and the constitutional rights of Eduard Lopez, justifying an award of exemplary damages.

WHEREFORE, the Plaintiff prays for judgment against the Defendants, in a fair and reasonable monetary amount to be determined by the trier of fact, for punitive damages against the individual Defendants in an amount sufficient to punish them and deter them and others from the same or similar wrongful conduct, along with interest, costs of this action, and attorney fees as provided by law, as well as such other relief as may be deemed just and equitable in the premises.

## COUNT IV
WRONGFUL DEATH-NEGLIGENCE
(Against All Defendants)

79. Plaintiff repleads paragraphs 1 through 78 as if fully set forth herein.

80. Defendant Pynenberg owed Plaintiffs a duty to act reasonably in the use of deadly force; to conform to an objectively reasonable standard of conduct regarding when, where and under what circumstances use of deadly force is warranted; and to not deprive Eduard Lopez of his inalienable rights to enjoy and defend his life, and pursue and obtain safety and happiness.

81. Defendant Pynenberg breached that duty by discharging his service weapon at Eduard Lopez when Eduard Lopez did not pose an imminent threat to Pynenberg or anyone else.

82. Defendant Fox Valley Metro Police Department, Defendant Village of Little Chute, and Defendant Village of Kimberly owed Plaintiff a duty to have in place reasonable policies and procedures regarding the use of deadly force, and/or to properly train and supervise its police officers, including Defendant Pynenberg, in an objectively reasonable standard of conduct regarding when, where and under what circumstances use of deadly force is warranted.

83. Defendant Fox Valley Metro Police Department, Defendant Village of Little Chute, and Defendant Village of Kimberly breached those duties by not having in place reasonable policies and procedures regarding the use of deadly force, and/or by failing to properly train and/or supervise Defendant Pynenberg regarding the appropriate use of deadly force.

84. Defendant Fox Valley Metro Police Department, Defendant Village of Little Chute, and Defendant Village of Kimberly are responsible for the conduct of Pynenberg under *respondeat superior*.

85. The Defendants breach of duty owed caused injuries and damages to the Plaintiff including the wrongful death of Eduard Lopez, the loss of adult child consortium for Rodrigo Lopez.

86. At all times relevant hereto Defendant Pynenberg acted as an agent of Defendant Fox Valley Metro Police Department, Defendant Village of Little Chute, and Defendant Village of Kimberly and within the scope of his authority as a police officer.

87. In the alternative, should Defendants claim immunity and/or qualified immunity for acts within the scope of his authority Plaintiffs plead that he acted outside that scope of authority.

88. Defendant Fox Valley Metro Police Department, Defendant Village of Little Chute, and Defendant Village of Kimberly ratified the conduct of Defendant Pynenberg after he took the actions complained of in this complaint.

89. The Defendants were negligent in one or more of the following respects:

    A. Failing to ensure FVPD employed properly trained staff and employees which resulted in the improper use of deadly and excessive force on Eduard Lopez; and

    B. Failing to properly ensure that FVPD staff and employees were properly supervised, which resulted in the improper use of deadly and excessive force on Eduard Lopez; and

    C. Failing to ensure Eduard Lopez received proper and safe care; and

    D. Failing to act as a reasonable custodian of Eduard Lopez.

# COUNT V
## LOSS OF CONSORTIUM
(Against All Defendants)

90. Plaintiff repleads paragraphs 1 through 89 as if fully set forth herein.

91. Rodrigo Lopez is the natural father and administrator of the Estate of Eduard Lopez.

92. Since Eduard Lopez's death, Rodrigo Lopez has suffered loss of aid, companionship, cooperation, and affection of Eduard Lopez.

93. As a result of said losses, Rodrigo Lopez has been damaged.

94. The Defendants are liable to Rodrigo Lopez for losses of consortium.

95. The loss of Rodrigo Lopez is individual and separate from the losses sustained by the Estate of Eduard Lopez as the result of his death caused by the wrongful conduct of the Defendants.

## ATTORNEY'S FEES

COMES NOW, Plaintiff, by and through counsel, and hereby petitions for costs of this action and attorney fees as may be allowed by law.

## JURY DEMAND

COMES NOW, Plaintiff, by and through counsel, and hereby demands a jury trial on all issues in the above entitled action.

WHEREFORE, the Plaintiff prays for judgment against the Defendants in a fair

and reasonable monetary amount to be determined by the trier of fact, for punitive damages against the individual Defendants in an amount sufficient to punish them and deter them and others from the same or similar wrongful conduct, along with interest, costs of this action, and attorney fees, as well as such other relief as may be deemed just and equitable in the premises.

<u>/s/ Jack Bjornstad</u>
Jack Bjornstad
1700 Hill Avenue
Spirit Lake, IA 51360
Phone: 712-332-5225
jack@bjornstad.legaloffice.pro

Original filed electronically.